**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-02664-REB-KLM

JEFF DIEM,

Plaintiff,

v.

TRAVELERS PERSONAL INSURANCE COMPANY,

Defendant.

---

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**SECOND SET OF WRITTEN DISCOVERY REQUESTS**

---

Plaintiff Jeff Diem ("Plaintiff"), by and through undersigned counsel, submits his responses to Defendant's Second Set of Written Discovery Requests as follows:

## GENERAL OBJECTIONS

The following general objections ("General Objections") are made as to each and every discovery request and may not be repeated as to any specific request listed below, even though additional objections may also be asserted.

1. Plaintiff objects to Defendant's discovery requests to the extent they seek information or documents that are protected from disclosure by any privilege or immunity, including the attorney-client privilege, the work product doctrine, or any other privilege, doctrine or immunity available by law. To the extent Defendant's discovery requests can be construed to seek privileged or protected documents or information, Plaintiff asserts said privilege or protection, objects to the request, and will provide only non-privileged, non-protected documents or information, if any.

PENGAD 800-631-6989
DEPOSITION EXHIBIT
1
9/14/22 a

2. Plaintiff objects to Defendant's discovery requests to the extent that they seek to impose duties or burdens on Plaintiff that are inconsistent with or in addition to those required by the Federal Rules of Civil Procedure. To the extent there is any inconsistency between a particular request and the Rules, Plaintiff will comply with the Rules.

3. Plaintiff objects to Defendant's discovery requests to the extent they seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to Defendant's discovery requests to the extent they are vague, ambiguous, confusing, unclear, overly broad, unreasonably cumulative or duplicative, or to the extent that compliance with the Defendant's discovery requests would be unduly burdensome or oppressive.

5. Plaintiff objects to the Defendant's discovery requests to the extent they contain multiple subparts and/or multiple requests such that Defendant exceeds the number of requests to which they are entitled pursuant to the Scheduling Order.

6. Plaintiff objects to Defendant's discovery requests to the extent that they seek material or information already known to or in the possession of Defendant.

7. In responding to Defendant's discovery requests, Plaintiff does not waive, nor intend to waive, any privilege or objection, including but not limited to, any objection to the relevancy, materiality, or admissibility of any of its responses or the subject matter addressed therein.

8. No incidental or implied admissions are intended by the responses herein. The fact that Plaintiff has answered part or all of any request contained in the Defendant's discovery requests is not intended to be, and shall not be construed as, a waiver by Plaintiff of any part of any objection to any Defendant's discovery requests.

9. Plaintiff has not yet completed investigations and/or analysis of matters relating to this case and has not yet completed discovery in preparation for trial. Accordingly, Plaintiff reserves the right to modify, amend or supplement these responses to Defendant's discovery requests based upon information learned during discovery, continued legal analysis, and/or through expert analysis.

10. Plaintiff objects to the "Definitions" sections in Defendant's discovery requests to the extent the Definitions purport to impose upon Plaintiff any duties or obligations beyond those imposed by the Federal Rules of Civil Procedure. To the extent there is any inconsistency between Plaintiffs' Definitions and the Rules, Plaintiff will comply with the Rules.

## INTERROGATORIES

16. Identify how and when you first became aware of the Incident, who (if anyone) advised you of the Incident, who you first discussed the Incident with, and how much time transpired between when you became aware of the Incident and when you reported the Incident to Travelers.

**OBJECTION:** Plaintiff restates the above General Objections as if stated fully herein. Without waiving and subject to these objections, Plaintiff responds to the best of his recollection as follows:

**RESPONSE:** I had a tenant move out of the residence in July 2020. I went to the residence, and I saw what I believe to be a possible leak. I then called a plumber and Travelers at the same time.

17. State whether You and/or any contractor hired on Your behalf has ever performed any construction and/or renovation work to the Property's electrical and/or plumbing systems prior to the Incident. If so, please identify the nature of the work performed, the system it was performed to, when it was performed, who it was performed by, and why it was performed.

**OBJECTION:** Plaintiff restates the above General Objections as if stated fully herein. Without

waiving and subject to these objections, Plaintiff responds to the best of his recollection as follows:

**RESPONSE:** Please see document production.

Plumbing: Upstairs kitchen faucet replaced in or about 2011 by MDK Remodeling because the sink had gotten old. Upstairs bathroom shower stems were replaced by a plumber in or about 2012 because they were dripping. In the downstairs, the laundry sink was replumbed by a plumber in or about 2014. I had two water heaters replaced in the furnace room downstairs in or about January 2014 by MDK Remodeling. I replaced a water supply line in October 2011 the downstairs bathroom with the help of a friend. The mainline plumbing has been scoped and cleaned, generally on an annual basis, by Metropolitan Drain Cleaning owned by John Napolitan. John Napolitan also inspected and performed work on the water pressure downstairs. I had a partial sewer line by the street replaced in 2011.

Electrical: In or about 2013 I had a hot tub removed from an upstairs room that was connected to the electrical system. I replaced a lightbar in the upstairs bathroom in 2011. In or about 2014 I had an electrician perform work on the property, installing a Jbox in the basement and adding a cover over another one. I had a kitchen light replaced upstairs and downstairs, but I do not remember when. I had an exhaust fan and lighting installed in downstairs in 2011. I believe new lighting was installed in all bedrooms in 2011 upstairs and downstairs.

## REQUESTS FOR PRODUCTION

21. All Documents relating to Plaintiff's purchase of the Property, including, but not limited to agreements, contracts, addenda, disclosures, deeds, closing forms, promissory notes, deeds of trust, inspection reports, and photographs of the Property.

**OBJECTION:** Plaintiff restates the above General Objections as if stated fully herein. Without

waiving and subject to these objections, Plaintiff responds as follows:

**RESPONSE:** All responsive documents in Plaintiff's possession, custody, or control have been produced or are being produced herewith.

22. All Documents, including but not limited to, permits, agreements, contracts, construction plans, specifications, and work orders relating to any change in occupancy of the Property within ten (10) years of the date of the Incident.

**OBJECTION:** Plaintiff restates the above General Objections as if stated fully herein. Without waiving and subject to these objections, Plaintiff responds as follows:

**RESPONSE:** All responsive documents in Plaintiff's possession, custody, or control have been produced.

23. All lease agreements and proof of payment from Plaintiff's tenant(s) pertaining to the rental and/or lease of Plaintiff's property from June 2020 to present.

**OBJECTION:** Plaintiff restates the above General Objections as if stated fully herein. Without waiving and subject to these objections, Plaintiff responds as follows:

**RESPONSE:** All responsive documents in Plaintiff's possession, custody, or control have been produced or are being produced herewith.

## REQUESTS FOR ADMISSION

1. Admit that no city or county building officials have issued or provided any Documents stating that the Property requires code upgrades.

**RESPONSE:** Admit.

2. Admit that no code enforcement actions have been initiated against Plaintiff with respect to the Property by any city or county building officials as a result of the Incident.

**RESPONSE:** Admit.

3. Admit that Plaintiff has not provided any documents from city or county building officials to Travelers demonstrating that the Property was subject to a code-enforcement related action(s) as a result of the Incident.

**RESPONSE:** Admit.

4. Admit that construction and/or renovation work was performed at Plaintiff's property to change the occupancy of the Property prior to the Incident.

**OBJECTION:** Plaintiff restates the above General Objections as if stated fully herein. Without waiving and subject to these objections, Plaintiff responds to the best of his recollection as follows:

**RESPONSE:** Plaintiff is without sufficient information to admit or deny.

5. Admit that Plaintiff did not reside at the Property on the date of the Incident.

**RESPONSE:** Admit.

6. Admit that the January 5, 2021 estimate prepared by Bellator Claims Resolution, LLC consists of the amounts detailed in Plaintiff's estimate dated December 8, 2020, plus Bellator's fee.

**RESPONSE:** Admit.

Dated: September 14, 2022.

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry
BACHUS & SCHANKER, LLC
101 West Colfax Avenue, Suite 650
Denver, CO 80202
Telephone: 303.893.9800
Facsimile: 303.893.9900
andrew.quisenberry@coloradolaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2022, the foregoing **PLAINTIFF'S RESPONSES TO DEFENDANT'S SECOND SET OF WRITTEN DISCOVERY REQUESTS** were served via e-mail addressed to the following:

Edward C. Denby, Esq.
CLYDE & CO US LLP
999 18th Street, Suite 1765N
Denver, CO 80202
Telephone: 303.301.8950
Facsimile: 303.301.8974
edward.denby@clydeco.us

Amy M. Samberg, Esq.
CLYDE & CO US LLP
400 E. Van Buren Street, Suite 440
Phoenix, AZ 85004
Telephone: 480.746.4580
Facsimile: 480.746.4556
amy.samberg@clydeco.us

*Attorneys for Defendant*

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry

**DECLARATION VERIFYING RESPONSES TO DEFENDANT'S INTERROGATORIES AND REQUESTS FOR ADMISSION**

I, Jeff Diem, under penalty of perjury pursuant to 28 U.S.C. §1746, declare that the foregoing responses to Defendant's Interrogatories and Requests for Admission are true and correct.

Executed this 14 day of September, 2022

Jeffrey Diem (Sep 14, 2022 14:34 MDT) (signature)

Jeffrey Diem (printed name)

# 2022-09-14 Verification re Rogs and RFAs - Diem

Final Audit Report 2022-09-14

| | |
|---|---|
| Created: | 2022-09-14 |
| By: | Andrew Quisenberry (andrew.quisenberry@coloradolaw.net) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAy2BLLjEyWTE0OuuL-sF-6Uqc9CoYnWNr |

## "2022-09-14 Verification re Rogs and RFAs - Diem" History

Document created by Andrew Quisenberry (andrew.quisenberry@coloradolaw.net)
2022-09-14 - 8:22:13 PM GMT- IP address: 174.143.20.89

Document emailed to jeff.diem@gmail.com for signature
2022-09-14 - 8:22:41 PM GMT

Email viewed by jeff.diem@gmail.com
2022-09-14 - 8:33:14 PM GMT- IP address: 66.249.80.63

Signer jeff.diem@gmail.com entered name at signing as Jeffrey Diem
2022-09-14 - 8:34:31 PM GMT- IP address: 174.198.136.50

Document e-signed by Jeffrey Diem (jeff.diem@gmail.com)
Signature Date: 2022-09-14 - 8:34:32 PM GMT - Time Source: server- IP address: 174.198.136.50

Agreement completed.
2022-09-14 - 8:34:32 PM GMT